United States District Court
District of Vermont

Lou Maxwell Taylor,
    Plaintiff,

Docket No.

2:08-CV-61

v.

Amazon.com, Inc. and
Amazon Digital Services, Inc.
    Defendants.

## COMPLAINT

1. Plaintiff is a natural person who resides in Rutland County, Vermont.

2. Defendants are Delaware for-profit corporations with their principal place of business in Seattle, Washington.

3. Plaintiff authored and composed original works music and lyrics fixed in a tangible medium of expression, which works are collectively titled "Cheshire Tree Suite."

4. Plaintiff's copyright in the works comprising "Cheshire Tree Suite" are protected under the United States Code, including without limitation the Copyright Act of 1976 and the Digital Millenium Copyright Act.

5. Plaintiff's copyright in the works comprising "Cheshire Tree Suite" are also protected by international treaties, including *inter alia*, the Berne Convention for the Protection of Literary and Artistic Works.

6. Between 1990 and 1996, at his own expense, Plaintiff created sound recordings of the pieces comprising "Cheshire Tree Suite." Pursuant to a written agreement, the thirteen sound recordings comprising Cheshire Tree Suite were commercially released in 2001 on a compact disc pressed and marketed by QuiXote Music, an entity located in Heidelberg, Germany.

Dockets.Justia.com

7. Defendants have placed on their website and have offered for sale MP3 files of the thirteen sound recordings Plaintiff created which QuiXote Music pressed and marketed. A printed copy of the page on Defendants' website offering these files for commercial sale is attached hereto.

8. The page on Defendants' website falsely indicates the copyright in Cheshire Tree Suite as being "© 2008 QuiXote." *See* attached printout.

9. The compact discs pressed and marketed by QuiXote Music beginning in 2001 bear multiple clear indications that the copyright in Cheshire Tree Suite belongs to Plaintiff.

10. Nowhere on the compact discs pressed and marketed by QuiXote Music is there any representation that the copyright in Cheshire Tree Suite belongs to QuiXote Music. On information and belief, QuiXote Music has never represented that it owns the copyright in Cheshire Tree Suite.

11. Plaintiff has never given Defendants permission to sell MP3 files of "Cheshire Tree Suite."

12. Plaintiff has never authorized any person or entity to sell MP3 files of "Cheshire Tree Suite."

13. Plaintiff has never authorized any person or entity to act as his agent with respect to the distribution or sale in intangible electronic or digital form of any of the sound recordings comprising "Cheshire Tree Suite."

14. Plaintiff has never transferred his copyright in the pieces comprising "Cheshire Tree Suite" to any person or entity.

15. Defendants have infringed Plaintiff's copyright in the compositions and sound recordings constituting "Cheshire Tree Suite" by placing the MP3s of the sound recordings of Cheshire Tree Suite on Defendants' web site and by offering MP3 files of the sound recordings of "Cheshire Tree Suite" for sale without Plaintiff's prior authorization or consent.

16. Defendants are utilizing the sale of MP3 files of Cheshire Tree Suite to promote the sale of the soft drink Pepsi®. See attached printout from Defendants' website.

17. Defendants' infringement, deliberate misstatement of copyright ownership, and unauthorized use of Cheshire Tree Suite on its website for commercial purposes are willful.

18. By reason of Defendants' infringement of Plaintiff's copyright, Plaintiff is entitled to damages, costs and attorney's fees pursuant to applicable provisions of the United States Code including, *inter alia*, Section 504 of Title 17.

19. Plaintiff is entitled to an injunction prohibiting Defendants from their infringing activities.

WHEREFORE, Plaintiff respectfully requests

1. an injunction enjoining Defendants from the infringement and unauthorized use of Plaintiff's copyright;

2. damages, including without limitation statutory damages under 17 U.S.C. section 504 and damages for willful infringement;

3. Plaintiff's attorney's fees and costs of suit, where available under the United States Code; and

4. such other and further relief as the court may deem just and proper.

Dated: March 17, 2008.

                                          */s/ Lou Maxwell Taylor*
                                          LOU MAXWELL TAYLOR, *In Propria Persona*
                                          24 Wales Street
                                          P.O. Box 6001
                                          Rutland, VT 05702
                                          (802) 775-1200

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: March 17, 2008.

                                            */s/ Lou Maxwell Taylor*
                                          LOU MAXWELL TAYLOR, *In Propria Persona*
                                          24 Wales Street
                                          P.O. Box 6001
                                          Rutland, VT 05702
                                          (802) 775-1200